IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

IN THE MATTER OF: )
)
CRAIG AND ROBIN BERK ) CASE NO. BK **10-01951**
) CHAPTER 13
Debtor(s). ) JUDGE HOLLIS
)

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on __MAY 10, 2010__, __10:00 am__, or as soon thereafter as counsel may be heard, I shall appear before the Pamela B. Hollis or any Judge sitting in Room 644 in the Illinois Northern Bankruptcy Court located at 219 S. Dearborn in Chicago, Illinois, and present the attached <u>MOTION TO CONFIRM CHAPTER 13 PLAN.</u>

By: _____
David H. Cutler

David H. Cutler
Attorney for Debtor
8420 Gross Point Rd. 2nd Floor
Skokie IL 60077

## CERTIFICATE OF SERVICE

I, David H. Cutler, certify that I served copies of the above-referenced document by placing them in the U.S. Mail at <u>8430 Gross Point Rd. 2nd Floor, Skokie, Illinois</u>, before 5:00p.m. on this __04/26/10__ in a properly addressed envelope and first class mail postage prepaid.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

IN THE MATTER OF:            )
                             )
CRAIG AND ROBIN BERK         )     CASE NO. BK 10-01951
                             )     CHAPTER 13
Debtor(s).                   )     JUDGE HOLLIS
                             )

## MOTION TO CONFIRM CHAPTER 13 PLAN

The debtor moves the Court for an order confirming plan and in support thereof states as follows:

1. The requirements for confirmation are met and the total debt and administrative expenses provided for under the plan are as follows:
   a) Trustee's Fees                                        $11,400.00
   b) Priority payments to debtor's attorney                 $2,000.00
   c) Payments of mortgage arrears                          $25,000.00
   d) Estimated Payments available for                      $75,600.00
      unsecured creditors and interest during
      initial plan term.
   e) Total payments from the debtor to the                $114,000.00
      Chapter 13 trustee.

2. In accordance with the requirements of § 1325(a)(4), debtor asserts that as of the effective date of the plan, the value of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7, Title 11, United States Code, on such date. This contention is based upon the facts set forth below:

   a. As of the date of the petition, the debtor owned property which should be part of the property of the estate, as defined by 11 U.S.C. § 541, if a petition had been filed under Chapter 7 of Title 11 of the United States Code. That property has a liquidation value after deduction of the amount of liens and encumbrances against such property of: $ 49,091.34

   b. If debtor had filed a petition for relief under Chapter 7 on said date, debtor would be entitled to exempt from the estate property having a value of: $49,091.34
   Debtor has claimed such property as exempt in the manner required by law.

   c. If debtor had filed a petition under Chapter 7 on said date:

      i. Debtor would owe debts entitled to priority under 11 U.S.C. § 507, including costs of administration, in the total amount of: $300,899.00

    ii. Debtor would owe allowed unsecured claims in the total amount of: **$167,257.90**

    iii. There would be available, after payment of priority claims, for distribution to creditors holding allowed unsecured claims an amount of: **$0**

    iv. It is estimated that distribution under Chapter 7 to each creditor holding an unsecured claim as of said date would be **0%** of each claim.

    v. The Chapter 13 plan provides that creditors holding allowed unsecured claims will receive **45%** of each claim.

    vi. The actual percentage paid depends on the allowance of claims.

    vii. For purposes of this motion it is assumed that all listed undisputed claims are allowed.

3. The plan requires payment over a period of sixty (60) months.

Debtors:

**/s/David H. Cutler**
By their attorney